**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dan C. BOECHLER, Defendant– Appellant.**

**No. 06–30229.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2007.*

Filed Feb. 15, 2007.

James E. Seykora, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Robert L. Stephens, Jr., Esq., Southside Law Center, Billings, MT, David C. Thompson, Esq., David C. Thompson, P.C., Grand Forks, ND, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

MEMORANDUM **

Dan C. Boechler appeals a final judgment of conviction for identity theft in violation of 18 U.S.C. § 1028(a)(6) and retention of stolen government records in violation of 18 U.S.C. § 641. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

As the facts and procedural history of this case are familiar to the parties we do not repeat them here.

We reject Boechler's contention that the search of his home violated the Fourth Amendment.[1] The search warrant was valid, *United States v. Bridges*, 344 F.3d 1010, 1016–17 (9th Cir.2003), and the officers did not exceed the scope of the warrant in executing the search, *United States v. Ross*, 456 U.S. 798, 820–21, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *see also United States v. Gomez–Soto*, 723 F.2d 649, 654 (9th Cir.1984). Further, the officers' seizure of numerous items in Boechler's residence before issuance of the second search warrant was justified under the "plain view" exception to the warrant requirement. *United States v. Hudson*, 100 F.3d 1409, 1420 (9th Cir.1996). Here, the officers were lawfully on Boechler's property under authority of the lawful search warrant, and the incriminatory nature of the items seized was immediately apparent.

Next, we reject Boechler's contention that the district court erred in not requiring disclosure of information relating to an internal investigation of Agent Cornell. We will reverse a judgment based on a denial of *Brady* material "if, on review of the file, we find that the district court committed clear error in failing to release probative, relevant, material information." *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir.1988). We have reviewed the sealed file relating to the investigation of Agent Cornell. There is no "reasonable probability" that had the information been disclosed, the result of the suppression

hearing would have been different. *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir.2002) (per curiam).

Finally, we hold that the district court did not abuse its discretion in denying Boechler's motion to reopen the suppression hearing. Whether Agent Cornell actually provided Boechler a copy of the affidavit in support of the search warrant is immaterial because the search warrant was valid. *See Bridges*, 344 F.3d at 1017.

**AFFIRMED.**

---

1. Boechler's references to his "Whistleblower Protection Act" action are irrelevant to this appeal. References to Thomas Boatner are irrelevant because Boechler does not challenge the probable cause supporting the search warrant. References to Chris Wood's participation in the search are irrelevant because, as we hold here, the search was lawful.

